## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC MILLER, | ) Case No. |
| Plaintiff, | ) ) ) |
| v. | ) ) **COMPLAINT FOR VIOLATIONS** |
| MIROMATRIX MEDICAL INC., PAUL BUCKMAN, WILLIAM BURKE, JOHN ERB, PETER MAAG, JEFFREY ROSS, and LISA WIPPERMAN HEINE, | ) **OF THE FEDERAL SECURITIES** ) **LAWS** ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) ) |

Plaintiff Eric Miller ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder action brought by Plaintiff against Miromatrix Medical Inc. ("Miromatrix" or the "Company") and the members of Miromatrix's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Miromatrix to United Therapeutics Corporation ("United Therapeutics") (the "Proposed Transaction").

2. On October 29, 2023, Miromatrix entered into an Agreement and Plan of Merger ("Merger Agreement") with United Therapeutics and United Therapeutics' wholly owned subsidiary, Morpheus Subsidiary Inc. ("Purchaser"). Pursuant to the terms of the Merger

Agreement, United Therapeutics will acquire Miromatrix in exchange for $3.25 in cash and one contingent value right ("CVR") which represents the contractual right to receive a contingent payment of $1.75 in cash upon the achievement of a clinical development milestone related to Miromatrix's development-stage, fully-implantable manufactured kidney product known as mirokidney, per share of Miromatrix common stock, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on November 13, 2023.

3. On November 13, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that Miromatrix stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler"); (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by the Company's additional financial advisor, Craig-Hallum Capital Group LLC ("Craig-Hallum"), and Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Miromatrix stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5. The Tender Offer is currently scheduled to expire one minute after 11:59 p.m., New York City time, on December 11, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Miromatrix's other shareholders to make an informed

decision whether to tender their shares in the Tender Offer. Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Miromatrix common stock.

10. Defendant Miromatrix is a Delaware corporation, with its principal executive offices located at 6455 Flying Cloud Drive, Suite 107, Eden Prairie, Minnesota 55344. Miromatrix's shares trade on the Nasdaq Capital Market under the ticker symbol "MIRO."

11. Defendant Paul Buckman has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant William Burke has been a director of the Company at all relevant times.

13. Defendant John Erb has been a director of the Company at all relevant times.

14. Defendant Peter Maag has been a director of the Company at all relevant times.

15. Defendant Jeffrey Ross has been Chief Executive Officer and a director of the Company at all relevant times.

16. Defendant Lisa Wipperman Heine has been a director of the Company at all relevant times.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

18. Miromatrix is a life sciences company developing a novel technology for bioengineering fully transplantable human organs. Miromatrix's proprietary technology is a scalable platform that uses a two-step method of decellularization and recellularization designed to remove the porcine cells from the organs obtained from pigs and replace them with unmodified human cells. The Company's initial development focus is on human livers and kidneys. The Company's product pipeline consists of three active programs: (i) miroliver*ELAP*, the Company's External Liver Assist Product designed to provide liver dialysis for acute liver failure patients; (ii) miroliver, the Company's fully implantable bioengineered liver intended to treat patients with acute and chronic liver failure; and (iii) mirokidney, the Company's fully implantable bioengineered kidney intended to treat patients with end-stage renal disease.

**The Proposed Transaction**

19. On October 30, 2023, Miromatrix announced that it had entered into the Proposed Transaction, stating, in relevant part:

> SILVER SPRING, Md., RESEARCH TRIANGLE PARK, N.C., and EDEN PRAIRIE, Minn., October 30, 2023 -- United Therapeutics Corporation (Nasdaq: UTHR) and Miromatrix Medical Inc. (Nasdaq: MIRO) announced today a definitive agreement for United Therapeutics to acquire Miromatrix.

4

Miromatrix is a life sciences company focused on the development of bioengineered organs composed of human cells. United Therapeutics is a biotechnology company with six FDA-approved therapies to address rare, life-threatening conditions, and a pipeline that includes four ongoing registration-phase studies. The acquisition of Miromatrix will expand United Therapeutics' existing complementary platform of organ manufacturing programs, which include ex-vivo lung perfusion, xenotransplantation, 3-D bioprinting, and regenerative medicine approaches with the objective of creating an unlimited supply of tolerable, transplantable organs.

"At United Therapeutics, we are determined to rectify the severe shortage of transplantable organs," said Martine Rothblatt, Ph.D., Chairperson and Chief Executive Officer of United Therapeutics. "We expect that Miromatrix will help us in this mission, bringing a number of new approaches, highly-skilled personnel, and state of the art facilities as additional shots on goal to complement our existing organ manufacturing programs."

"United Therapeutics' dedication to solving the chronic shortage of transplantable organs is a vision we share at Miromatrix," said Jeff Ross, Ph.D., Chief Executive Officer of Miromatrix. "This transaction provides our shareholders with a substantial premium and allows them to participate in the potential upside of our combination, while accelerating the development of our pipeline as we strive to make bioengineered organs a reality for the many patients in need."

**Terms of the Agreement**

United Therapeutics will commence a tender offer to acquire all outstanding shares of Miromatrix for a purchase price of $3.25 per share in cash at closing (an aggregate of approximately $91 million) and an additional $1.75 per share in cash upon the achievement of a clinical development milestone related to Miromatrix's development-stage, fully-implantable manufactured kidney product known as mirokidney™ by December 31, 2025.

This transaction is not subject to any financing condition and is expected to close in the fourth quarter of 2023, subject to customary closing conditions, including the tender of a majority of the outstanding shares of Miromatrix's common stock. Following the successful closing of the tender offer, United Therapeutics will acquire any shares of Miromatrix that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.

The purchase price payable at closing represents a premium of approximately 170% to the 30-day volume-weighted average trading price of Miromatrix's common stock ending on October 27, 2023, the last trading day before the announcement of the transaction. Miromatrix's Board of Directors unanimously recommends that Miromatrix's stockholders tender their shares in the tender offer.

      For United Therapeutics, Gibson, Dunn & Crutcher LLP is acting as legal counsel. For Miromatrix, Piper Sandler is acting as lead financial advisor and Faegre Drinker Biddle & Reath LLP as legal counsel. Craig-Hallum Capital Group LLC also acted as financial advisor to Miromatrix.

**The Materially Incomplete and Misleading Recommendation Statement**

      20. On November 13, 2023, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that Miromatrix stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by Piper Sandler; (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Craig-Hallum and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Projections*

      21. The Recommendation Statement fails to disclose material information concerning the financial projections for the Company.

      22. For example, the Recommendation Statement sets forth that at a July 26, 2023, Board meeting, James Douglas, the Company's Chief Financial Officer, "presented certain preliminary, high-level five-year financial projections [(the 'Preliminary Projections')] that management had prepared to facilitate the discussion of the Company's cash needs. Piper Sandler representatives next led a discussion of certain preliminary financial analyses of the United Therapeutics proposal and potential alternative financing options." Recommendation Statement at 15. Then on September 18, 2023, the Board directed members of Company management to finalize the projections and present them to the Board for final approval. *Id.* at 20. The

Recommendation Statement, however, fails to disclose a summary of the Preliminary Projections, as well as a quantification of the changes made to the Preliminary Projections to arrive at the final projections relied upon by Piper Sandler for its fairness opinion.

23. Additionally, the Recommendation Statement fails to disclose a summary of the potential alternative financing options that Piper Sandler discussed with the Board at the July 26, 2023, Board meeting.

*Material Misrepresentations and/or Omissions Concerning Piper Sandler's Financial Analyses*

24. The Recommendation Statement fails to disclose material information concerning Piper Sandler's financial analyses.

25. With respect to Piper Sandler's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the risk-adjusted, after-tax, unlevered free cash flows ("UFCFs") over the period beginning in 2024 and ending in 2042, or clarification that the risk-adjusted UFCFs used by Piper Sandler are disclosed on page 35 of the Recommendation Statement; (ii) quantification of the terminal year UFCF used to calculate the Company's terminal values; (iii) the terminal values for the Company; (iv) the inputs and assumptions underlying the discount rate range of 11.8% to 13.8%; and (v) the Company's fully-diluted outstanding shares used in the analysis.

26. With respect to Piper Sandler's *Precedent Premiums Paid Analysis*, the Recommendation Statement fails to disclose: (i) the identities of the transactions reviewed; and (ii) the individual premiums for each transaction.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

27. The Recommendation Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

28. Specifically, the Recommendation Statement fails to disclose whether the confidentiality agreement the Company executed with an interested bidder referred to in the Recommendation Statement as "Party A" contains a "don't ask, don't waive" standstill provision that is still in effect and currently precluding Party A from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Craig-Hallum's and Company Insiders' Potential Conflicts of Interest*

29. The Recommendation Statement fails to disclose material information concerning potential conflicts of interest faced by Craig-Hallum.

30. For example, the Recommendation Statement fails to disclose details of any services Craig-Hallum provided to the Company, United Therapeutics or their respective affiliates in the prior two years, and any related compensation received by Craig-Hallum.

31. The Recommendation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest.

32. Specifically, the Recommendation Statement fails to disclose whether any of United Therapeutics' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

33. In sum, the omission of the above-referenced information renders statements in the "Certain Prospective Financial Information," "Opinion of the Company's Financial Advisor," "Background of the Offer and the Merger," "Persons/Assets, Retained, Employed, Compensated or Used," and "Employment Agreements and Retention Arrangements Through and Following the Merger" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior

to the expiration of the Tender Offer, Plaintiff and the other stockholders of Miromatrix will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

34. Plaintiff repeats all previous allegations as if set forth in full.

35. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Miromatrix stockholders to tender their shares in the Tender Offer.

36. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

37. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

38. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

39. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

40. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Miromatrix, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

43. Plaintiff repeats all previous allegations as if set forth in full.

44. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any

solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

45. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to Miromatrix stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company, Piper Sandler's financial analyses, the background of the Proposed Transaction, and potential conflicts of interest faced by Craig-Hallum and Company insiders.

46. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer.

47. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

48. Plaintiff repeats all previous allegations as if set forth in full.

49. The Individual Defendants acted as controlling persons of Miromatrix within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Miromatrix, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation

Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

52. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue

of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Miromatrix stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Miromatrix, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in Miromatrix with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 15, 2023    **LONG LAW, LLC**

By:   */s/ Brian D. Long*
      Brian D. Long (#4347)
**OF COUNSEL:**   3828 Kennett Pike, Suite 208
                  Wilmington, DE 19807
**ACOCELLI LAW, PLLC**   Telephone: (302) 729-9100
Richard A. Acocelli   Email: BDLong@longlawde.com
33 Flying Point Road, Suite 131
Southampton, NY 11968   *Attorneys for Plaintiff*
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com